IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGUERITE MANUEL-FERRELL, | No. C 11-5041 CW |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |
| v. | |
| OAKLAND POLICE DEPARTMENT, | |
| Defendant. | |
| _____/ | |

INTRODUCTION

Plaintiff brings a second amended complaint (2AC)[1] against the Oakland Police Department (Defendant) based on alleged mistreatment during an arrest.  She makes the following claims: 1) civil battery in violation of California Civil Code § 1708; 2) sexual battery in violation of California Civil Code § 1708.5; 3) negligent retention and supervision of employees; and 4) deprivation of her Fourth Amendment right to be free of unreasonable searches and seizures pursuant to 42 U.S.C. § 1983.

On October 20, 2011, Defendant filed a motion to dismiss the complaint because it fails to state a claim.  Defendant asserted that 1) Plaintiff has failed to show that her injuries were caused by an official policy of Defendant, 2) Plaintiff is barred from raising a due process claim in relation to a search and seizure and 3) Plaintiff's state law claims fail to state a statutory

---

[1] Although styled as a "Second Amended Complaint", this is the first complaint brought in this Court.

basis for recovery against Defendant. On November 3, 2011, Plaintiff filed an opposition and, on November 9, 2011, Defendant filed a reply. Because this case was reassigned to a new judge, Defendant renoticed the motion to dismiss for a hearing on January 19, 2012. However, the motion is now fully briefed and ripe. The Court takes it under submission on the papers. Having considered all the papers filed by the parties, the Court grants the motion to dismiss with leave to amend.

## BACKGROUND

Plaintiff Marguerite Manuel-Ferrell alleges that on September 18, 2006 while she waited at a bus stop in Oakland California, a man waved her over to his car. She got into the car at the driver's invitation. He began to talk to her about sex, while she protested that she was not a prostitute. Plaintiff agreed to see the man later because she believed that was the only way he would let her leave, and got out of the car.

After she exited the car a marked Oakland Police Department car arrived. An officer got out, put Plaintiff in handcuffs and told her that she was being arrested on suspicion of prostitution. Plaintiff alleges that Officer Veguerra slammed her against a fence and the police car, then grabbed and groped her genitals. According to the complaint Officer Veguerra roughly shoved her baton against Plaintiff's vaginal area and between her buttocks and also touched her breast and buttocks. Additionally Plaintiff alleges that Officer Chew touched her breast with the back of his hand. As a result of the incident, Plaintiff claims emotional distress and pain and suffering.

2

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

DISCUSSION

I.   Claims Under 42 U.S.C. § 1983

Plaintiff alleges that her Fourth Amendment right to be free of unreasonable search and seizure was violated by Defendant and that she has suffered, and continues to suffer, damages as a result.  Defendant argues that it cannot be held liable under 42 U.S.C. § 1983 because Plaintiff's claims arise from a single incident and she pleads no facts that support the allegation that the assault against her was part of an official policy.

A local governmental entity is liable under section 1983 when actions pursuant to official municipal policy of some nature cause a constitutional tort.  Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992); see also City of Canton v. Harris, 489 U.S. 378, 389 (1989).  Furthermore, a local governmental body may be liable if it has a policy of inaction and such inaction amounts to a failure to protect constitutional rights.  City of Canton, 489 U.S. at 388.

Plaintiff claims that Defendant "failed to monitor the conduct of Officer Veguerra after it had knowledge of her violent propensities as early as 2008."  She also makes reference to one other incident involving Officer Veguerra and general allegations that Defendant was negligent in training or supervising her. However, the policy of inaction must be more than mere negligence; it must be a conscious or deliberate choice among various alternatives.  Mortimer v. Baca, 594 F.3d 714 (9th Cir. 2010).

Moreover, in order to impose liability based on a policy of deliberate inaction, the Ninth Circuit has stated four conditions that a plaintiff must satisfy: "1) [the plaintiff] possessed a

4

constitutional right of which he was deprived; 2) the municipality had a policy; 3) this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and 4) the policy is the 'moving force behind the constitutional violation.'" Oviatt, 954 F.2d at 1474, (quoting City of Canton, 489 U.S. at 389-91.) Liability for an improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy. Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiff fails to plead any facts to support the existence of a custom or widespread policy of inaction in relation to abusive behavior during police searches. In fact, the complaint alleges that the assault on Plaintiff was stopped by another officer on the scene, indicating that the practice was not necessarily "persistent and widespread." Monell v. Dep't of Soc. Serv. of N.Y., 436 U.S. 658, 691 (1978); see also, Meehan v. Los Angeles County, 856 F.2d 102 (9th Cir. 1988)(two incidents not sufficient to establish custom); Davis v. Ellensburg, 869 F.2d 1230 (9th Cir. 1989)(manner of one arrest insufficient to establish policy).

It appears from the moving papers that Plaintiff believes that she has sued individual officers, and thus is not required to allege that there is a "policy and practice" resulting in a constitutional violation. However, the only named Defendant in this suit is the Oakland Police Department. Therefore the motion to dismiss is granted.

II. Due Process Claims

In the fourth cause of action Plaintiff makes fleeting reference to a violation of her right to due process. Defendant asserts that because the claim relates to an allegedly unreasonable search and seizure, it can only be brought under the Fourth Amendment.

All claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach. Graham v. Connor, 490 U.S. 386, 395 (1989). Plaintiff does not argue due process in either her complaint or opposition. However, to the extent that Plaintiff intended to allege a due process claim in addition to her claim under the Fourth Amendment, she is barred from doing so.

III. State Tort Claims

Plaintiff brings one charge, negligent retention and supervision, directly against Defendant, and two more claims which rely on Defendant's vicarious liability for its employee's actions. Defendant claims that Plaintiff does not plead her state tort claims sufficiently because she fails to state the statutory basis on which the public entities are liable in the first, second and third causes of action.

Under California law a public entity is not liable under a claim brought by a plaintiff unless liability is provided for by statute or required by the state or federal constitution. Cal. Gov. Code § 815; Cochran v. Herzog Engraving Co., 155 Cal. App. 3d

6

405, 409 (1984); <u>Lundeen Coatings Corp. v. Department of Water & Power</u>, 232 Cal. App. 3d 816, 832 (1991).  "[D]irect tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care . . . [o]therwise, the general rule of immunity for public entities would be largely eroded by the routine application of general tort principles. . ."  <u>Levine v. City of Los Angeles</u>, 68 Cal. App. 3d 481, 487 (1977), <u>see</u> <u>also</u> <u>Munoz v. City of Union City</u>, 120 Cal. App. 4th 1077 (2004).  In order to state a cause of action for government tort liability, every fact essential to the existence of statutory liability must be plead with particularity, including the existence of a statutory duty; duty cannot be alleged simply by stating that defendant had a duty under the law.  <u>Zuniga v. Housing Authority</u>, 41 Cal. App. 4th 82, 96 (1995), <u>abrogated on other grounds by</u> <u>Zelig v. County of Los Angeles</u>, 27 Cal. 4th 112 (2002).

    Plaintiff does not dispute that Defendant is a public entity and seems to misunderstand Defendant's argument, arguing only that public entities can be held vicariously liable for the tortious acts or omissions of their employees.  Plaintiff brings suit for battery under codified common law provisions, without including a statutory provision that would make Defendant, as a public entity, liable for these torts.

    In order to state a claim, Plaintiff must include both the statutory provisions which impose vicarious liability on public entity employers and those which impose direct tort liability on Defendant.  Plaintiff's assertion that she cited the relevant portions of the Tort Claims Act in a document attached to a

7

previous version of this complaint is insufficient.  This is the only version of the complaint that has been brought in this Court and it is this complaint that Defendant has moved to dismiss.  Accordingly, Plaintiff's state tort claims are dismissed.

Plaintiff is granted leave to amend her complaint within fourteen days so long as she can truthfully cure the deficiencies noted above.  If the amended complaint alleges only state claims, this case will be remanded to state court.

If Plaintiff files an amended complaint, Defendant shall answer or file a motion to dismiss fourteen days thereafter.  If Defendant moves to dismiss, Plaintiff's opposition shall be due seven days after the motion is filed.  Any reply shall be due seven days after that.  This motion will be decided on the papers.

## CONCLUSION

For the foregoing reasons the motion to dismiss is GRANTED with leave to amend.

IT IS SO ORDERED.

Dated: 12/22/2011

CLAUDIA WILKEN
United States District Judge